# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1790V
### (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*     \*
                                                                       \*
                                                                       \*
MICHAEL RILEY *and* JOCELYN V.                                         \*
RILEY, *parents of* A.C.R., *a minor*,                                 \*     Filed: December 17, 2020
                                                                       \*
Petitioners,                                                           \*
                                                                       \*
                                                                       \*
v.                                                                     \*     Decision by Stipulation; Damages;
                                                                       \*     Influenza ("Flu") Vaccine; Guillain-Barré
                                                                       \*     syndrome ("GBS")
SECRETARY OF HEALTH AND                                                \*
HUMAN SERVICES,                                                        \*
                                                                       \*
Respondent.                                                           \*
                                                                       \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*     \*

*Robert J. Krakow*, Law Office of Robert J. Krakow, P.C., for Petitioner.
*Darryl R. Wishard*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON JOINT STIPULATION[1]

On November 14, 2017, Michael and Jocelyn Riley ("Petitioners") filed a petition on behalf of their minor daughter, A.C.R., seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2]  Pet., ECF No. 1.  Petitioners allege their daughter suffered from Guillain-Barré syndrome (GBS) as a result of the influenza ("flu") vaccine she received on April 29, 2016.  *See* Stipulation ¶ 2, 4, dated December 17, 2020 (ECF No. 56); *see also* Petition.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Respondent denies "that ACR sustained a Table injury for GBS after the April 29, 2016 flu vaccine or any other vaccine; denies that the flu vaccine or any other vaccine caused or significantly aggravated ACR's alleged injury or any other injury; and, denies that ACR's current disabilities are the result of a vaccine-related injury". *See* Stipulation ¶ 6.  Nonetheless, both parties, while maintaining their above-stated positions, agreed in a stipulation filed on December 17, 2020 that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.  ECF No. 54

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

    a.  A lump sum of **$75,000.00** in the form of a check payable to [P]etitioners, as the guardians/conservators of the estate of ACR; and

    b.  A lump sum of **$848.97**, in the form of a check payable to [P]etitioners, for past unreimbursed expenses paid on behalf of ACR.

Stipulation ¶ 8.  This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioners.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

                    **s/ Katherine E. Oler**
                    Katherine E. Oler
                    Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| MICHAEL RILEY and JOCELYN V. RILEY, parents of ACR, a minor, | ) ) ) ) | |
| Petitioners, | ) ) | No. 17-1790V     ECF |
| v. | ) ) | Special Master Oler |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) ) | |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Petitioners, Michael Riley and Jocelyn V. Riley, on behalf of ACR, their minor child,

filed a petition for vaccine compensation under the National Vaccine Injury Compensation

Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program").   The petition seeks

compensation for injuries allegedly related to ACR's receipt of the influenza ("flu") vaccine,

which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. On April 29, 2016, ACR received a flu vaccination.[1]

3. The vaccine was administered within the United States.

4. Petitioners allege that, as a result of receiving the April 29, 2016 flu vaccine, ACR

suffered from a Table injury for Gulllain-Barre syndrome ("GBS") after a flu vaccination within

---

1 ACR also received Prevnar 13 and Haemophilus influenzae type b ("Hib")
vaccinations on April 29, 2016.   In addition, ACR received Pediarix, Prevnar 13, and flu
vaccinations on March 25, 2016.

1

the requirements set forth in the Vaccine Injury Table.   In the alternative, petitioners alleged
that ACR suffered from GBS that was caused-in-fact from receipt of the flu vaccine.   Petitioner
further allege that ACR experienced symptoms of the injury for more than six months.

5.   Petitioners represent that there has been no prior award or settlement of a civil action
for damages as a result of ACR's alleged injuries.

6.   Respondent denies that ACR sustained a Table injury for GBS after the April 29,
2016 flu vaccine or any other vaccine; denies that the flu vaccine or any other vaccine caused or
significantly aggravated ACR's alleged injury or any other injury; and, denies that ACR's
current disabilities are the result of a vaccine-related injury.

7.   Maintaining their above-stated positions, the parties nevertheless now agree that the
issues between them shall be settled and that a decision should be entered awarding the
compensation described in paragraph 8 of this Stipulation.

8.   As soon as practicable after an entry of judgment reflecting a decision consistent
with the terms of this Stipulation, and after petitioners have filed an election to receive
compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human
Services will issue the following vaccine compensation payments:

> a.   A lump sum of **$75,000.00,** in the form of a check payable to the petitioners
> as the guardians/conservators of the estate of ACR; and,
>
> b.   A lump sum of **$848.97,** in the form of a check payable to petitioners, for past
> unreimbursed expenses paid on behalf of ACR.
>
> These amounts represent compensation for all damages that would be available
> under 42 U.S.C. § 300aa-15(a).

9.   As soon as practicable after the entry of judgment on entitlement in this case, and
after petitioners have filed both a proper and timely election to receive compensation pursuant to

2

42 U.S.C. Section 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.    Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.    Payment made pursuant to paragraph 8 of this Stipulation, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.    The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of ACR, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13.    Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of ACR's estate under the laws of the State of Iowa.    No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of ACR's estate.    If petitioners are not authorized by a court of

3

competent jurisdiction to serve as guardians/conservators of ACR's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardians/conservators of ACR's estate upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity, on behalf of ACR, and on behalf of her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of ACR resulting from, or alleged to have resulted from, the vaccines administered on March 25, 2016 and April 29, 2016, as alleged by petitioners in a petition for vaccine compensation filed on or about November 14, 2017, in the United States Court of Federal Claims as petition No. 17-1790V.

15. If ACR should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties'

4

settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, *as amended*, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that ACR sustained a Table injury, or that any vaccine either caused or significantly aggravated ACR's alleged injury or any other injury.

19. All rights and obligations of petitioners and ACR hereunder shall apply equally to their heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

5

Respectfully submitted,

**PETITIONER:**

MICHAEL RILEY

**ATTORNEY OF RECORD FOR
PETITIONERS:**

ROBERT J. KRAKOW
Law Office of Robert J. Krakow, P.C.
The Woolworth Building
233 Broadway, Suite 2320
New York, N.Y. 10279
Tel. (212) 227-0600

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

CAPT Dale Mishler, DHSc, for
TAMARA OVERBY
Acting Director, Division of Injury
  Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
  and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 12/17/20

**PETITIONER:**

JOCELYN V. RILEY

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR
RESPONDENT:**

Darryl R. Wishard
by Catharine E.
DARRYL R. WISHARD
Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4357

6